**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DWAYNE STOUTAMIRE,**

          **Plaintiff,**

    **v.**                      **Civil Action 2:22-cv-02037**
                                   **Chief Judge Algenon L. Marbley**
                                   **Magistrate Judge Kimberly A. Jolson**

**DR. ANDREW EDDY,**

          **Defendant.**

**<u>OPINION AND ORDER</u>**

    This matter is before the Court on Plaintiff's Motion to Compel (Doc. 14).  For the following reasons, the Motion is **GRANTED**.  Defendant shall submit supplemental responses to the at-issue interrogatories to Plaintiff **within ten days** of the date of this Opinion and Order. Briefing on Defendant's Motion for Summary Judgment (Doc. 20) is **STAYED** while Defendant complies with this Opinion and Order, and the Court **SETS** the following adjusted briefing schedule: Plaintiff's response to Defendant's Motion for Summary Judgment due on or before July 17, 2023; Defendant's reply due on or before July 31, 2023.

**I.**    **BACKGROUND**

    Plaintiff is a *pro se* inmate incarcerated at the Chillicothe Correctional Institution ("CCI"). He brings the present action under 42 U.S.C.§ 1983, alleging that Defendant Dr. Andrew Eddy acted with deliberate indifference to his medical needs.  (Doc. 5 at 5).  In particular, Plaintiff says he reported sinus issues to an institution physician, Dr. Peppers, who ordered a CT scan for Plaintiff sometime in August 2021.  (*Id.*).  The CT scan showed Plaintiff had a deviated septum and scarring in the lining of his sinus cavities.  (*Id.*).  Dr. Peppers sent a request to the Ohio Department of Rehabilitation and Corrections ("ODRC"), recommending that Plaintiff see a

specialist. (*Id.*). Defendant denied the request, and Plaintiff was thus unable to see a specialist for additional medical attention. (*Id.*).

During discovery, Plaintiff sent fourteen interrogatories to Defendant's counsel. (Doc. 14-1 at 2–4). Defendant responded, noting specific objections to four medical questions which he said were not proper interrogatories because their answers would vary depending on the patient or personnel in question:

> 7.    As a doctor could you tell what are some issues that may arise from a deviated septum?
> . . .
> 8.    Can a deviated septum restrict the airways effecting a person's breathing?
> . . .
> 9.    Is it possible for a catscan to miss something or not detect?
> . . .
> 10.    Is it possible for a doctor to see something a catscan cannot?

(*Id.* at 9–10). Plaintiff brings the instant Motion to compel Defendant to answer these four interrogatories. (Doc. 14). Defendant has opposed the Motion (Doc. 16), and Plaintiff filed no reply, making the Motion ripe for consideration.

## II.    STANDARD

Two federal rules govern the Motion to Compel. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 37, for its part, allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to

produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine,* 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff says that Defendant's responses to the interrogatories—indicating that the questions are wholly dependent on the patient or personnel they reference—are incomplete answers, and the Court should compel him to respond fully. (Doc. 14). Defendant raises three arguments against the Motion. (Doc. 16). First, he says the Motion should be denied because Plaintiff failed to confer with Defendant about the responses before filing the Motion. (*Id.* at 1–2). Second, he says that there are "no definitive answers to any of these requests," and "any further attempt at a response would be so heavily context dependent as to render it meaningless." (*Id.* at 2). Finally, he says the questions are not relevant. (*Id.* at 2–3). The Court finds none of these arguments availing, and addresses each in turn.

First, while it is true that this Court requires "[c]onsultation [a]mong [c]ounsel[,]" prior to the filing of discovery motions, S.D. Ohio Civ. R. 37.1, special considerations are warranted here, where one of the parties is an incarcerated individual proceeding *pro se*. Simply put, it is not as practicable for Plaintiff to confer with Defendant's counsel as it is for represented parties, or *pro se* parties who are not incarcerated and have greater means of communication. Plaintiff was also operating under time pressure. The interrogatory responses were mailed to him on April 10, 2023 (Doc. 14-1 at 13), and discovery was set to close on May 1, 2023 (Doc. 11). For these reasons, the Court will excuse Plaintiff's failure to confer and resolve the Motion on its merits.

Second, the Court does not find Plaintiff's interrogatories so vague or hypothetical as to make it unduly burdensome or "meaningless" for Defendant to provide more fulsome answers. Consider the first at-issue question: "As a doctor could you tell me what are some issues that may arise from a deviated septum?" (Doc. 14-1 at 9). Plaintiff is not asking for an exhaustive list of every possible issue a patient with a deviated septum might experience—nor how those issues might differently affect an infinite number of hypothetical patients with different co-occurring medical conditions. He is only asking for "some issues" associated with a deviated septum. Essentially, he is asking for common signs and symptoms that might be exhibited by a person with a deviated septum. And this is a reasonable question for Defendant to answer.

The remaining questions simply ask whether certain things are possible: whether a deviated septum can restrict a person's airways and affect breathing, whether there are things a CT scan cannot detect, and whether a doctor can detect things a CT scan cannot. (Doc. 14-1 at 9–10). The Court agrees with Plaintiff that these questions can be answered with a yes or no. (Doc. 14 at 3–5). The Court therefore finds that the questions are all appropriately posed and not unduly burdensome for Defendant to answer.

Finally, the Court finds that the questions are relevant to the issues in this case. To prevail on his deliberate indifference claim, Plaintiff must demonstrate two things. First, he must show that he had a serious medical need—that is a need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (internal quotation marks and citation omitted). Second, he must show that Defendant "subjectively perceived facts from which to infer substantial risk to [Plaintiff], that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th

Cir. 2001) (citation omitted).  These interrogatories seek information about the presentation and effects of a deviated septum—the serious medical need Plaintiff alleges he experienced—as well as the uses and limitations of a CT scan—which was purportedly used to diagnose Plaintiff.  In other words, the interrogatories solicit information that will make Plaintiff's claims about his medical need, and Defendant's ability to perceive it, more or less likely.  The Court therefore finds that the interrogatories seek relevant discovery.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 14) is **GRANTED**. Defendant shall submit supplemental responses to the at-issue interrogatories to Plaintiff **within ten days** of the date of this Opinion and Order.  Briefing on Defendant's Motion for Summary Judgment (Doc. 20) is **STAYED** while Defendant complies with this Opinion and Order, and the Court **SETS** the following adjusted briefing schedule: Plaintiff's response to Defendant's Motion for Summary Judgment due on or before July 17, 2023; Defendant's reply due on or before July 31, 2023.

IT IS SO ORDERED.


Date:   June 16, 2023                                    /s/ Kimberly A. Jolson
                                                         KIMBERLY A. JOLSON
                                                         UNITED STATES MAGISTRATE JUDGE